1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 REGINALD RICE,

No. 2:23-cv-1333 MCE-CSK

12 Plaintiff,

FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR TERMINATING SANCTIONS AND DISMISS

13 v.

14 AMERICAN NATIONAL RED CROSS,

(ECF No. 17)

15 Defendant.

16

17      On January 10, 2024, the Court granted Defendant American National Red

18 Cross's motions to compel Plaintiff Reginald Rice to respond to discovery requests

19 Defendant served in July 2023, and ordered Plaintiff to respond within two weeks. (ECF

20 No. 16.) Defendant now moves for terminating sanctions based on Plaintiff's failure to

21 comply with the Court's order.[1] (ECF No. 17.) For the reasons set forth below, the Court

22 recommends granting Defendant's request for terminating sanctions and dismissing this

23 case without prejudice.

24 / / /

25 / / /

26

---

27 [1]  This matter proceeds before the undersigned for the issuance of findings and recommendations. 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1); *see also Sundby v. Marquee Funding Group*, 2020 WL 5709445, at *12 n. 5 (S.D. Cal. Sep. 24, 2020) (*citing U.S. v. Rivera-Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004).

28

1    **I.      BACKGROUND**

2            Plaintiff alleges premises liability claims against Defendant related to a trip and fall

3    incident at the office of the American National Red Cross in Stockton, California in fall

4    2019. (*See* Compl., ECF No. 1.) Defendant removed the action to this Court on diversity

5    jurisdiction grounds on July 7, 2021, and filed its answer a week later. (Def. Removal

6    Notice, ECF No. 1 at 1; Answer, ECF No. 3.)

7            On July 28, 2023, Defendant served interrogatories and requests for production of

8    documents ("RFPs") on Plaintiff. (Def's Interrogatories, ECF No. 11 at Exh. A; Def.

9    RFPs, ECF No. 12 at Exh. A.) Because Plaintiff failed to respond, Defendant began the

10   meet and confer process by sending a letter by e-mail to Plaintiff's counsel,[2] notifying

11   Plaintiff that no responses were received to Defendant's interrogatories and RFPs,

12   requesting responses, and requesting to meet and confer regarding this discovery

13   failure. (Def. 9/8/2023 Letter, ECF No. 17-2.) Plaintiff did not respond, so Defendant filed

14   motions to compel responses to its interrogatories and RFPs on October 4, 2023. (Def.

15   Mot. Compel Interrogatory Responses, ECF No. 8; Def. Mot. Compel RFP Responses,

16   ECF No. 9.) After filing the motions, Defense counsel was contacted by a representative

17   of Plaintiff's counsel's office to discuss the motions, outstanding discovery, and a

18   settlement demand that Plaintiff had promised to provide months before. (*See*

19   12/26/2023 Affidavit of Catherine M. Adams, ¶¶ 3-4, ECF No. 14 at 3-4 & ECF No. 15 at

20   3-4.)

21           The Court vacated the hearing for failing to follow Local Rule 251's requirement to

22   submit a Joint Statement, dismissing the motions to compel without prejudice. (ECF No.

23   10.) Defense counsel attempted to confer with Plaintiff's counsel regarding its motions to

24   compel and to draft a joint statement as required by Local Rule 251(c), but Plaintiff's

25   counsel again did not respond, requiring Defendant to file an affidavit pursuant to Local

26

27   _____

     [2]   The Court notes that the e-mail address to which Defendant's September 8, 2023
28   letter was sent is the same e-mail address for Plaintiff's counsel listed in the record and
     docket for this case. (*See* Def. Mot., Exh. B; Docket.)

1   Rule 251(e) rather than a Joint Statement. (Adams Aff., ¶ 2; *see* Def. Second Mot.

2   Compel Interrogatory Responses, ECF No. 12; Def. Second Mot. Compel RFP

3   Responses, ECF No. 11.) Plaintiff also did not provide any discovery responses. (Adams

4   Aff., ¶ 8.)

5        The Court provided Plaintiff with another opportunity to respond to Defendant's

6   motions to compel, ordering Plaintiff to file his opposition by December 21, 2023.

7   (12/8/2023 Minute Order, ECF No. 13.) Plaintiff failed to file an opposition or otherwise

8   respond to both motions to compel. (*See* Docket; 1/10/2024 Order, ECF No. 16.) As

9   noticed, a hearing on both motions to compel was held on January 9, 2024 by Zoom.

10  (1/10/2024 Order; ECF No. 22.) Plaintiff's counsel initially failed to appear for the

11  9:00 a.m. hearing, and the matter was therefore called last on the calendar to provide

12  additional time for Plaintiff's counsel to appear. (*See* 1/9/2024 Minutes, ECF No. 22.)

13  Court staff even contacted Plaintiff's counsel's office to determine whether Plaintiff's

14  counsel would be appearing for the hearing. (1/9/2024 Minutes; 1/9/2024 Mot. to Compel

15  Hearing Tr., ECF No. 28.) At 9:18 a.m., Plaintiff's counsel still had not appeared for the

16  9:00 a.m. hearing when the matter was again called on calendar. (1/9/2024 Mot. to

17  Compel Hearing Tr., 2:3-9.)

18       Plaintiff's counsel eventually appeared for the hearing only after court staff

19  contacted counsel, and the Court re-called the matter. (*Id*. at 2:3-4:11.) Plaintiff's counsel

20  blamed his non-appearance and non-responsiveness in discovery on a former paralegal.

21  (*Id*. at 3:10-19, 4:12-14.) At the hearing, Plaintiff's counsel admitted fault and stated that

22  he could respond to Defendant's discovery requests within two weeks. (*See id*. at 3:10-

23  5:3 ("We have good communication with this client, so I imagine it wouldn't take us

24  longer than two weeks").) The Court granted Defendant's motion to compel and using

25  the two-week timeline <u>Plaintiff</u> provided to complete his production, ordered full and

26  complete responses to Defendant's interrogatories and RFPs without objection, unless

27  on attorney-client privilege, within two weeks. (*Id*. at 4:19-5:3; 1/10/2024 Order.)

28       The Court also granted Defendant's request for fees pursuant to Rule 37(a)(5)(A),

1  ordering Plaintiff's counsel to pay defense counsel $1,000 for counsel's fees within two

2  weeks, and expressly requiring that counsel not pass these fees to his client.[3]

3  (1/10/2024 Order.)

4  　　　　Finally, the Court warned that "continued failure to respond to discovery or adhere

5  to the Federal Rules of Civil Procedure, the court's Local Rules, or California's ethical

6  rules will result in more severe sanctions, including possible dismissal of the case." (*Id.*)

7  　　　　On March 4, 2024, Defendant filed the instant motion,[4] indicating Plaintiff still had

8  not provided any discovery responses.[5] (3/4/2024 Adams Decl., ¶ 5) Defendant noticed

9  the motion for an April 23, 2024 hearing, which the undersigned re-confirmed after the

10  undersigned was reassigned to the case. (ECF Nos. 19, 20.) Despite Local Rule

11  251(e)'s requirement that an opposition be filed within one week of the hearing, Plaintiff

12  failed to do so. *See* E.D. Cal. Local Rule 251(e) (providing exception from Local Rule

13  251(c) Joint Statement re Discovery Disagreement when there is a "complete and total

14  failure to respond to a discovery request or order"). The Court therefore vacated the

15  hearing and took the matter under submission on the written briefing. (ECF No. 21.)

16  **II.    DISCUSSION**

17  　　　　In its motion, Defendant seeks relief for Plaintiff's continuing failure to follow the

18  Court's January 10, 2024 order that Plaintiff provide discovery responses to Defendant's

19  interrogatories and RFPs sought in Defendant's motions to compel.[6] The Court therefore

20  _____

21  [3]　These findings and recommendations do not rely on the January 10, 2024 Order's

22  monetary sanction because the order did not include the required determination of the "prevailing market rates in the relevant community" in awarding attorney's fees. *See*

23  *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The Court notes that Plaintiff's counsel did not

24  actually pay the monetary sanctions ordered. (*See* 3/4/2024 Decl. of Catherine M. Adams, ¶ 5, ECF No. 17 at 10.)

25  [4]　Defendant's motion is titled "Motion for Order to Show Cause Why Plaintiff [] and His Counsel Should Not Be Held in Contempt for Failure to Comply with the Court's January

26  10, 2024 Discovery Order." (ECF No. 17.)

27  [5]　Defendant's motion is also based on Plaintiff's failure to pay the $1,000 sanctions. As described in footnote 3, however, these findings and recommendations do not rely on the monetary sanctions previously ordered.

28  [6]　*See* footnote 5.

1  interprets Defendant's filing as a motion for sanctions pursuant to Rule 37(b)(2)(A) for

2  not obeying a discovery order.[7] *See* Fed. R. Civ. P. 37(b)(2)(A) (sanctions for the failure

3  "to obey an order to provide or permit discovery, including an order under Rule 26(f), 35,

4  or 37(a)…"). Defendant requests dismissal of the Complaint with prejudice. (Def. Mot. at

5  9.) Alternatively, Defendant requests a finding of civil contempt and an order requiring

6  Plaintiff to comply with the Court's order to provide the previously ordered discovery

7  responses and pay defense counsel the previously ordered $1,000 sanctions, and order

8  Plaintiff and Plaintiff's counsel to pay a $250 fine every day of non-compliance beginning

9  eight (8) days after entry of the order. (*Id.* at 6-9.)

10       Plaintiff has not filed an opposition or otherwise responded to Defendant's motion.

11  (*See* Docket.) Plaintiff also did not seek an extension of any court deadlines, including

12  the court deadline for Plaintiff's discovery responses in its January 10, 2024 Order or the

13  filing deadlines for Plaintiff's response to Defendant's current motion. (*See id.*)

14       **A.    Legal Standards**

15       "The discovery process in theory should be cooperative and largely unsupervised

16  by the district court. But when required disclosures aren't made or cooperation breaks

17  down, Federal Rule of Civil Procedure 37 allows a party to move for an order compelling

18  disclosures or discovery." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir.

19  2018). If such an order is issued, but the offending party fails to obey, "the court where

20  the action is pending may issue further just orders," including:

21  (i)    directing that the matters embraced in the order or other
        designated facts be taken as established for purposes of the
22      action, as the prevailing party claims;

23  (ii)   prohibiting the disobedient party from supporting or opposing
        designated claims or defenses, or from introducing designated
24      matters in evidence;

25  (iii)   striking pleadings in whole or in part;

26  (iv)   staying further proceedings until the order is obeyed;

---

27  [7]   Defendant's filing refers to civil contempt. (*See* Def. Mot.) The Court also notes that
     contempt of court is one of the enumerated options for sanctions under Rule
28  37(b)(2)(A)(vii).

(v)     dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vii)   treating as contempt of court the failure to obey any order
        except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); *see Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

The choice of sanction, including dismissal, is within the discretion of the court. *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) (citations omitted); *see also* E.D. Cal. Local Rule 110 (noting the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court"). "[D]ismissal is a harsh penalty [and] should only be imposed in extreme circumstances.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (*quoting Ferdik v Bonzelet*, 963 F.2d 1255, 1260 (9th Cir. 1992)). Nonetheless, "a noncompliant party must . . . seek a lesser sanction by formally requesting one from the district court." *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021) (noting that if "the noncompliant party fails to move for lesser sanctions, the district court is not required to consider one and does not abuse its discretion . . . where such action is otherwise justified").

Only "willfulness, bad faith, or fault justify terminating sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quotations omitted); *see Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004). Wrongful intent or actual ill will is not required; rather, "[d]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Indus. Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quotations omitted); *see Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal. 2014) (*citing Henry*, 983 F.2d at 948). Substantial and prejudicial obduracy may also constitute bad faith. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1108 (9th Cir. 2002). "A court may consider prior misconduct when weighing a subsequent sanction motion." *Adriana Int'l Corp. v.*

6

1 | *Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990).

2 |     Terminating sanctions may be appropriate even if disobedience of the court order

3 | is the fault of the party's attorney alone. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633

4 | (1962); *see Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)

5 | ("Under this circuit's precedent, a client is ordinarily chargeable with his counsel's

6 | negligent acts."); *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th

7 | Cir. 1990) ("A plaintiff cannot avoid dismissal by arguing that he or she is an innocent

8 | party who will be made to suffer for the errors of his or her attorney," because "the faults

9 | and defaults of the attorney may be imputed to, and their consequences visited upon, his

10 | or her client.") (citations omitted); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89,

11 | 92 (1990) (service on attorney constitutes notice to clients).

12 |     In the Ninth Circuit, upon a finding of "willfulness, bad faith, or fault," a court must

13 | assess the following five factors to decide if terminating sanctions should be imposed:

14 |         (1) the public's interest in expeditious resolution of litigation;

15 |         (2) the court's need to manage its docket;

16 |         (3) the risk of prejudice to the party seeking sanctions;

17 |         (4) the public policy favoring the disposition of cases on their
18 |             merits; and

19 |         (5) the availability of less drastic sanctions.

20 | *Transamerica Life Insurance Company v. Arutyunyan*, 93 F.4th 1136, 1146 (9th Cir.

21 | 2024).

22 |     For failures to obey a discovery order under Rule 37(b)(2), "[i]nstead of or in

23 | addition to the orders above, the court <u>must</u> order the disobedient party, the attorney

24 | advising that party, or both to pay the reasonable expenses, including attorney's fees,

25 | caused by the failure, unless the failure was substantially justified or other circumstances

26 | make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). The

27 | award of reasonable expenses under Rule 37(b)(2) differs from the award of reasonable

28 | expenses under Rule 37(a)(5) for motions to compel discovery as there is no

requirement that the Court provide the party whose conduct necessitated the motion with an opportunity to be heard before awarding reasonable expenses. *Cf.* Fed. R. Civ. P. 37(b)(2)(C), *with* Fed. R. Civ. P. 37(a)(5).

### B.    Willfulness, Bad Faith, or Fault

Applying Ninth Circuit standards, the Court finds that Plaintiff's conduct establishes willfulness, bad faith, or fault to justify terminating sanctions. *See Transamerica Life Ins.,* 93 F.4th at 1146; *Conn. Gen. Life Ins.*, 482 F.3d at 1096; *B.K.B.*, 276 F.3d at 1108; *Henry*, 983 F.2d at 948.

As of the filing of Defendant's motion on March 4, 2024, Plaintiff has not responded to Defendant's interrogatories and RFPs served in July 2023. (Def. Mot. at 2; 3/4/2024 Adams Decl., ¶ 5.) Plaintiff has therefore completely failed to follow the Court's January 10, 2024 order to provide discovery responses to Defendant's interrogatories and requests for production by January 24, 2024, which were the subject of Defendant's motions to compel. (*See* Def. Mot.; 1/10/2024 Order.)

As described in more detail above, Plaintiff's failure to follow the Court's order occurred <u>after</u> Plaintiff failed to respond to Defendant's discovery requests that were served in July 2023; <u>after</u> Plaintiff failed to respond to Defendant's meet and confer efforts in September 2023; <u>after</u> Plaintiff continued to fail to meet and confer with Defendant regarding Plaintiff's failure to respond to discovery requests; <u>after</u> Plaintiff failed to participate in preparing the Joint Statement re Discovery Disagreement required by Local Rule 251(c); <u>after</u> Plaintiff failed to oppose or even respond to Defendant's motions to compel, despite the Court giving Plaintiff another opportunity to respond in December 2023; <u>after</u> Plaintiff's counsel appeared almost 20 minutes late to the January 9, 2024 hearing on Defendant's motions to compel and only appeared after court staff contacted him; <u>after</u> the Court directly warned Plaintiff's counsel at the January 9, 2024 hearing; and <u>after</u> the Court again warned Plaintiff in writing in its January 10, 2024 Order that Plaintiff's "continued failure to respond to discovery or adhere to the Federal Rules of Civil Procedure, the court's Local Rules, or California's ethical rules will result in

1  more severe sanctions, including possible dismissal of the case." (*See* 12/26/2023
2  Adams Aff. ¶¶ 2-4, 8; 3/4/2024 Adams Decl. ¶¶ 2-5; 12/8/2023 Minute Order; 1/9/2024
3  Minutes; 1/9/2024 Mot. to Compel Hearing Tr.; 1/10/2024 Order; Def. Mot.) In addition to
4  failing to participate in discovery and failing to follow the Court's January 10, 2024 Order,
5  Plaintiff did not even respond to Defendant's current motion seeking terminating
6  sanctions. (*See* Docket.)

7        This record demonstrates Plaintiff's willful, disobedient conduct and obduracy in
8  refusing to follow the Court's January 10, 2024 Order, refusing to participate in discovery
9  or uphold his obligations under the Federal Rules of Civil Procedure, and failing to follow
10  the Court's Local Rules, including requirements to meet and confer regarding discovery
11  disputes. *See Transamerica Life Ins.,* 93 F.4th at 1146; *Conn. Gen. Life Ins.*, 482 F.3d at
12  1096; *B.K.B.*, 276 F.3d at 1108; *Henry*, 983 F.2d at 948; *Adriana Int'l Corp.*, 913 F.2d at
13  1411; *Sanchez*, 298 F.R.D. at 463.

14        To the extent Plaintiff may argue that this disobedience is from his counsel, this
15  does not save this action from terminating sanctions. Under Ninth Circuit law, "the faults
16  and defaults of the attorney may be imputed to, and their consequences visited upon, his
17  or her client." *W. Coast Theater Corp.*, 897 F.2d at 1523; *see also Irwin*, 498 U.S. at 92;
18  *Link*, 370 U.S. at 633; *Community Dental*, 282 F.3d at 1168. Plaintiff had the opportunity
19  to respond to Defendant's current motion, but failed to file an opposition or even
20  respond. *See RG Abrams Insurance v. Law Offices of C.R. Abrams*, 342 F.R.D. 461,
21  511 (C.D. Cal. 2022) (noting that where civil sanctions are ordered, due process is
22  satisfied where the court provides adequate notice and an opportunity to be heard;
23  finding defendants received the notice of motion and had opportunity to oppose on the
24  written briefing) (*citing Paladin Assocs. v. Mont. Power Co.*, 328 F.3d 1145, 1164-65 (9th
25  Cir. 2003) (holding that, because the Rule 37 sanctions issues to be resolved were such
26  that an evidentiary hearing would not have aided the decision-making process, district
27  court did not abuse its discretion by ruling on the briefing)).

28        In addition, even if the misconduct here is limited to Plaintiff's counsel, Defendant

1    has been substantially prejudiced by this misconduct because Defendant cannot assess

2    the case, prepare its defense, or prepare for trial where Plaintiff has completely failed to

3    respond to all discovery requests. *See Adriana Int'l Corp.*, 913 F.2d at 1412; *Henderson*

4    *v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Plaintiff's continued refusal to

5    participate in discovery since Defendant served its discovery requests in July 2023, and

6    Plaintiff's failure to comply with the Court's January 10, 2024 Order and respond to

7    Defendant's discovery requests is not excusable, and supports a finding of willfulness,

8    bad faith, or fault as disobedient conduct and substantial and prejudicial obduracy. *See*

9    *Transamerica Life Ins.,* 93 F.4th at 1146; *Conn. Gen. Life Ins.*, 482 F.3d at 1096; *B.K.B.*,

10   276 F.3d at 1108; *Henry*, 983 F.2d at 948; *Adriana Int'l Corp.*, 913 F.2d at 1411;

11   *Sanchez*, 298 F.R.D. at 463.

12          As to lesser sanctions, the Court finds that such sanctions would be futile

13   because Plaintiff has completely failed to participate in discovery, failed to respond to

14   Defendant's motions to compel, failed to respond to the current motion for terminating

15   sanctions, failed to obey the Court's verbal order at the hearing to respond to Plaintiff's

16   discovery requests within two weeks, and failed to obey the Court's January 10, 2024

17   written order to respond to Plaintiff's discovery requests that were served in July 2023.[8]

18   (1/9/2024 Mot. to Compel Hearing Tr.; 1/10/2024 Order.) Other potentially lesser

19   sanctions, such as prohibiting Plaintiff from supporting or opposing claims or defenses,

20   or barring evidence that would have been disclosed if Plaintiff had responded to

21   Defendant's discovery requests, *see* Fed. R. Civ. P. 37(b)(a)(A)(ii), would be tantamount

22   to dismissal here. Defendant's interrogatories cover everything from the identity of

23   Plaintiff's witnesses and what knowledge each has, Plaintiff's damages calculations,

24   evidence of injuries Plaintiff sustained, Plaintiff's experts and their opinions, and a

25   description of the documents supporting Plaintiff's claims. (*See* Def. Mot., Exh. A, ECF

26

27   [8]  The Court also notes that though its findings and recommendations are not based on
     the portion of the January 10, 2024 Order issuing monetary sanctions for the reasons
28   stated in footnote 3, Plaintiff's counsel did not pay the monetary sanctions ordered.

No. 17-1.) The same can be said for Defendant's first set of Document Requests. (*See* Def. Mot. Compel RFP Responses, Exh. A, ECF No. 11.) If the Court were to bar these categories of evidence, it would effectively prohibit Plaintiff from proving any portion of his case, and would have the same effect as dismissal. *See Pirtle v. Netflix, Inc.*, 2024 WL 990072, at *7 (C.D. Cal. Feb. 16, 2024); *Klund v. High Tech. Sols., Inc.*, at *6 (S.D. Cal. Feb. 27, 2006).

      Terminating sanctions are appropriate here because the Court's prior verbal order and the Court's prior written order and admonishment were insufficient to compel Plaintiff's compliance, and because Plaintiff has completely failed to respond to any of Defendant's discovery requests for over ten months. *See Olivia*, 958 F.2d at 273 (noting the district court's discretion in ordering discovery sanctions); E.D. Cal. Local Rule 110 (same). In addition, though Plaintiff had ample opportunity to respond to Defendant's motion and request lesser sanctions, Plaintiff did not respond or request lesser sanctions. The Court is therefore not required to consider lesser sanctions. *See Merchant*, 993 F.3d at 741.

### C.    Five Factor Test for Terminating Sanctions

      Because the Court has found willfulness, bad faith, or fault, the Court now turns to the Ninth Circuit's five factor test to assess terminating sanctions:

        (1) the public's interest in expeditious resolution of litigation;

        (2) the court's need to manage its docket;

        (3) the risk of prejudice to the party seeking sanctions;

        (4) the public policy favoring the disposition of cases on their merits; and

        (5) the availability of less drastic sanctions.

*Transamerica Life Ins.*, 93 F.4th at 1146. Courts generally find that the prejudice and availability of lesser sanctions are the key factors in this analysis. *See Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

      Applying this five factor test, the Court finds and recommends that terminating

sanctions should be imposed. When a court order has been violated, the first two factors are often considered together and, as "they relate to docket-management issues that the district court is in the best position to assess, often support the imposition of terminating sanctions." *Transamerica Life Ins.*, 93 F.4th at 1146; *see also Wanderer*, 910 F.2d at 656. Here, "the public's interest in the expeditious resolution of litigation" and "the court's need to manage its docket" each support dismissal. Plaintiff's failure to engage in even the most basic discovery has delayed the case, resulted in multiple motions filed by Defendant, and required the issuance of multiple orders from the Court. In addition, this district court in particular has a strong need and interest in expeditious resolution of litigation to manage its docket given the extremely high caseload in the Eastern District of California.

Regarding "the risk of prejudice to the party seeking sanctions" factor, it is clear that Defendant is prejudiced by Plaintiff's refusal to participate in discovery and turn over basic discovery, including documents supporting the claims Plaintiff asserts in the complaint. *Transamerica Life Ins.*, 93 F.4th at 1146. The Ninth Circuit has found that the prejudice factor is established if the disobeying party's actions impair the ability of the moving party "to go to trial" or "threaten to interfere with the rightful decision of the case," and finding that while mere delay alone does not establish prejudice, a failure to produce documents as ordered "is considered sufficient prejudice." *Adriana Int'l Corp.*, 913 F.2d at 1412. The Ninth Circuit has also held that failing to produce documents as ordered is sufficient prejudice. *See Brotby*, 364 F.3d at 1116 (upholding district court's terminating sanctions after magistrate judge recommended terminating sanctions for discovery misconduct). Here, Plaintiff failed to produce documents responsive to Defendant's RFPs as ordered by the Court, establishing sufficient prejudice. *See id.* Defendant has also been substantially prejudiced by Plaintiff's misconduct because Defendant cannot assess the case, prepare its defense, or prepare for trial where Plaintiff has completely failed to respond to all discovery requests. *See Adriana Int'l Corp.*, 913 F.2d at 1412; *Henderson*, 779 F.2d at 1423. In addition, the deadline for completing fact discovery is

1  July 14, 2024, which is one year after Defendant filed its answer, and Plaintiff has

2  refused to participate in discovery for essentially the entire time fact discovery has been

3  open. (*See* 8/17/2023 Initial Pretrial Scheduling Order at 2 (completion of fact discovery

4  no later than 365 days after the last answer may be filed), ECF No. 7.)

5        The policy favoring disposition on the merits also favors dismissal here because

6  Plaintiff has failed to move his case toward disposition, instead "imped[ing] progress in

7  that direction." *Transamerica Life Ins.*, 93 F.4th at 1147. Plaintiff's failures, if continued,

8  would make disposition of the case on the merits impossible. Defendant served its

9  interrogatories and RFPs in July 2023, and Plaintiff failed to respond even after this

10  Court granted Defendant's motions to compel and ordered Plaintiff to respond.

11        Finally, the Court has already tried less drastic alternatives—providing Plaintiff

12  with multiple opportunities to confer with Defendant, providing Plaintiff with another

13  opportunity to respond to Defendant's motions to compel after Plaintiff failed to

14  participate in preparing the joint statement required by Local Rule 250(c), and providing

15  Plaintiff with the additional opportunity to respond to discovery requests within a

16  reasonable time. These efforts met with no success. The Court also gave Plaintiff an

17  express verbal warning directly to Plaintiff's counsel at the January 9, 2024 hearing, and

18  a written warning in its January 10, 2024 order that Plaintiff's continued failure to

19  respond to discovery and follow the Federal Rules of Civil Procedure and Local Rules

20  could result in more severe sanctions, including dismissal. *See Transamerica Life Ins.*,

21  93 F.4th at 1148 (noting the fifth factor is comprised of three subparts, which include

22  whether the court has considered lesser sanctions, whether it tried them, and whether it

23  warned the recalcitrant party about the possibility of case-dispositive sanctions).

24        Thus, the Court is left with little alternative than to recommend dismissal. *See*

25  *Transamerica Life Ins.*, 93 F.4th at 1148 (affirming dismissal sanctions where "the district

26  court applied a measured and gradational approach in responding to [the offending

27  party's] non-compliance with the court's orders and the local rules," including providing

28  initial warnings, accepting late submissions and granting benefit of the doubt on the

1   offending party's excuses, ordering further briefing and conferral, and considering lesser

2   sanctions such as monetary sanctions alongside another opportunity to provide

3   discovery responses, and issuing terminating sanctions only after the offending party

4   "failed to perform any of the tasks assigned . . . ."); *Dreith v. Nu Image, Inc.*, 648 F.3d

5   779, 787 (9th Cir. 2011) (upholding discovery sanction of dismissal where offending

6   party failed to provide discovery and failed to meet and confer with opposing counsel,

7   despite the court's order and warnings); *Avila v. Willits*, 633 F.3d 828, 832 (9th Cir. 2011)

8   (upholding dismissal sanction where the plaintiffs failed to respond to discovery requests

9   and warned about dismissal); *see also Harkey v. Beutler*, 817 Fed. Appx. 389, 391 (9th

10   Cir. 2020) (upholding dismissal sanction where the plaintiff failed to respond to "a single

11   discovery request …since the lawsuit was initiated," despite awareness of the requests

12   and the court's warnings); *Arellano v. Blahnik*, 2019 WL 2710527, at *7 (S.D. Cal. Jun.

13   28, 2019) (finding dismissal sanctions warranted where the plaintiff failed to "complete

14   written discovery responses for over ten months").

15         **D.**    **Reasonable Expenses**

16         Under Rule 37(b)(2)(C), the court "must" award reasonable expenses, including

17   attorney's fees, "[i]nstead of or in addition to" other sanctions, caused by the failure to

18   obey the court's discovery order, "unless the failure was substantially justified or other

19   circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The

20   Court finds that there is no substantial justification for Plaintiff's complete failure to

21   respond to Defendant's interrogatories and RFPs that were served in July 2023,

22   especially after ordered by the Court to do so verbally at the January 9, 2024 motion to

23   compel hearing and in writing through the Court's written order. The Court also finds

24   there are no other circumstances that make an award of expenses unjust. Plaintiff had

25   the opportunity to respond to Defendant's motion for terminating sanctions, and failed to

26   respond or request lesser sanctions. *See Merchant*, 993 F.3d at 741.

27         The Ninth Circuit affords district courts broad discretion in determining the

28   reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The

1  Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees.

2  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar"

3  method, the number of hours reasonably expended is multiplied by a reasonable hourly

4  rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the

5  relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[T]he

6  established standard when determining a reasonable hourly rate is the 'rate prevailing in

7  the community for similar work performed by attorneys of comparable skill, experience,

8  and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008)

9  (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). Generally, "the relevant

10  community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979

11  (quoting *Barjon*, 132 F.3d at 500). Here, the relevant community is Sacramento,

12  California, which is where this district court is located.

13       Defendant seeks attorney's fees in the amount of $1,000 based on a $250 hourly

14  rate for four hours spent to bring the current motion. (*See* 3/4/2024 Adams Decl., ¶ 4.)

15  The Court finds that four hours is a reasonable amount of time to have prepared the

16  motion for terminating sanctions.

17       Defense counsel was admitted to the California bar in December 1980, and has

18  approximately 40 years of legal practice experience with the last 15 years focused in

19  insurance defense. (6/11/2024 Decl. of Catherine M. Adams, ¶¶ 2-4, ECF No. 27.[9])

20  Defense counsel's hourly rate ranges from $235 to $400, and her hourly rate for this

21  case is $250, which is on the lower end of her rate scale. (*Id.* at ¶ 5.) The Court finds that

22  defense counsel's $250 hourly rate for an attorney with 40 years of experience is below

23  the prevailing market rate in Sacramento for attorneys of comparable skill, experience,

24  and reputation as defense counsel. *See, e.g., Mostajo v. Nationwide Mut. Ins. Co.*, 2023

25  _____

26  [9]   The Court ordered Defendant to submit a supplemental declaration from counsel
providing the information necessary to assess the reasonableness of counsel's fees
27  under Ninth Circuit standards. (6/6/2024 Order, ECF No. 24; 6/11/2024 Minute Order,
ECF No. 26.) Defense counsel submitted the required declaration on June 11, 2024.
28  (ECF No. 27.)

WL 2918657, at *11 (E.D. Cal. Apr. 12, 2023) (approving requested rate of $375 to a third-year attorney in the Eastern District of California); *McCulloch v. Baker Hughes Inteq Drilling Fluids, Inc.*, 2017 WL 5665848, at *8 (E.D. Cal. Nov. 27, 2017) (awarding $350 per hour for an associate attorney); *Velasco v. Mis Amigos Meat Market, Inc.*, 2013 WL 5755054, at *12 n.4 (E.D. Cal. Oct. 23, 2013), findings and recommendation adopted, ECF No. 88 (Feb. 26, 2014) (approving a senior associate rate of $495 per hour, and a junior associate rate of $395 per hour); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 452-53 (E.D. Cal. 2013) (awarding between $280 and $560 per hour for attorneys with two to eight years of experience); *Gong-Chun v. Aetna Inc.*, 2012 WL 2872788, at *23 (E.D. Cal. July 12, 2012) (awarding between $300 and $420 per hour for associates).

The Court therefore concludes that defense counsel's request for $1,000 in attorney's fees, representing an hourly rate of $250 for four hours of work, is reasonable.

**III.    CONCLUSION**

Accordingly, the Court recommends as follows:

1.    That Plaintiff's <u>counsel</u> be ORDERED to pay Defendant $1,000 as reasonable expenses for attorney's fees incurred in bringing the motion for terminating sanctions;

2.    That Defendant's motion for terminating sanctions (ECF No. 17) be GRANTED; and

3.    That the complaint be DISMISSED in its entirety without prejudice, and the case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed

16

with the Court within fourteen (14) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 13, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE